**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115203

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| James Moran, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>                    vs.<br><br>RAS LaVrar, LLC,<br><br>                    Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

James Moran, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against RAS LaVrar, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5.      Plaintiff James Moran is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant RAS LaVrar, LLC, is a Florida Limited Liability Company with a principal place of business in Broward County, Florida.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.     Defendant alleges Plaintiff owes a debt ("the Debt").

11.     The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.     Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13.     Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14.     In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 4, 2018. (**Exhibit 1.**")

15.     The Letter was the initial communication Plaintiff received from Defendant.

16.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g(b)

17.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19.     The written notice must contain the amount of the debt.

20.     The written notice must contain the name of the creditor to whom the debt is owed.

21.     The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

22.     The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

23.     The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

25.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

26.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

27.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

28.     A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

29.     The Letter is on the letterhead of "RAS LaVrar, LLC."

30.     The Letter states, "Our law firm is attempting to collect a debt that is owed to Cavalry SPV I, LLC."

31.     Defendant was acting as a debt collector, as defined by the FDCPA, concerning Plaintiff's alleged debt.

32.     Defendant was not acting as a law firm when it sent the Letter.

33.     The Letter would likely make the least sophisticated consumer confused as to her rights.

34.     The Letter would likely make the least sophisticated consumer uncertain as to her rights.

35.     The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to dispute the debt.

36.     The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to demand validation of the debt.

37.     The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to request information concerning the current creditor.

38.     The least sophisticated consumer would likely feel threatened by Defendant's use of a Letter identifying it as a law firm.

39.     The least sophisticated consumer would likely be intimidated by Defendant's use of a Letter identifying it as a law firm.

40.     The least sophisticated consumer would likely believe he or she would be sued by Defendant.

41.     The least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

42.     The least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

43.     The least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she exercised his or her validation rights.

44.     The least sophisticated consumer, upon reading that her was assigned to a law firm, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued.

45.     The least sophisticated consumer, upon reading that her account was assigned to a law firm, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the debt, she could nevertheless by sued even during the verification process.

46.     The Letter would likely discourage the least sophisticated consumer from

exercising his or her right to request validation of the debt.

47.    The Letter overshadows the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

48.    The Letter is inconsistent with the consumer's right to dispute the debt or request the name and address of the original creditor.

49.    A such, the Letter violates 15 U.S.C. § 1692g(b).

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e

50.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51.    15 U.S.C. § 1692e provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52.    15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

53.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54.    The Letter is on the letterhead of "RAS LaVrar, LLC."

55.    The Letter states, "Our law firm is attempting to collect a debt that is owed to Cavalry SPV I, LLC."

56.    Defendant was acting as a debt collector, as defined by the FDCPA, concerning Plaintiff's alleged debt.

57.    Defendant was not acting as a law firm when it sent the Letter.

58.    The Letter's signature block states "RAS LaVrar, LLC," but is unsigned.

59.    The FDCPA prohibits a debt collector from sending a letter, such as the subject Letter herein, if such letter misleads the consumer regarding "meaningful attorney involvement" in the debt collection process.

60.    A letter, such as the subject Letter herein, does not mislead a consumer regarding "meaningful attorney involvement" in the debt collection process so long as that letter includes a disclaimer, such as the following: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

61.    The Letter contains no such disclaimer.

62. Because the Letter states that it is from a law firm, and because the Letter contains no disclaimer as to "meaningful attorney involvement," the least sophisticated consumer would likely believe that one or more attorneys have been personally involved in the day-to-day collection of Plaintiff's debt.

63. The least sophisticated consumer would likely be deceived by Defendant's conduct.

64. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

65. The least sophisticated consumer would likely be deceived into believing that an attorney had meaningful involvement in the collection of the alleged debt.

66. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading representation in its attempt to collect the debt.

67. Defendant violated 15 U.S.C. § 1692e(3) by making the false representation that the Letter is from an attorney.

68. Defendant violated 15 U.S.C. § 1692e(3) by giving the false implication that the Letter is from an attorney.

69. Defendant violated 15 U.S.C. § 1692e(10) by using any false representation to attempt to collect the Debt.

70. Defendant violated 15 U.S.C. § 1692e(10) by using any deceptive means to attempt to collect the Debt.

## CLASS ALLEGATIONS

71. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants, acting as debt collectors, attempted to collect a consumer debt using the letterhead of Defendant RAS LaVrar, LLC, where such letter fails to include any disclaimer concerning meaningful attorney involvement, from one year before the date of this Complaint to the present.

72. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

73. Defendants regularly engage in debt collection.

74. The Class consists of more than 35 persons from whom Defendants, acting as debt collectors, attempted to collect delinquent consumer debts using the letterhead of Defendant

6

RAS LaVrar, LLC, where such letter fails to include any disclaimer concerning meaningful attorney involvement.

75.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

76.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws

## JURY DEMAND

77.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

        a.   Certify this action as a class action; and

        b.   Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

        c.   Find that Defendant's actions violate the FDCPA; and

d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Grant Plaintiff's costs; together with

g.  Such other relief that the Court determines is just and proper.

DATED: April 2, 2019

**BARSHAY SANDERS, PLLC**

By:  _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115203